UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DELFS,<br><br>                               Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a corporation,<br><br>                               Defendant. | Case No.: 17cv489 JM (KSC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE** |

Defendant Union Pacific Railroad Company ("Defendant") moves the court to bifurcate this action and order a trial limited solely to the issue of scope of employment. (Doc. No. 13.) Plaintiff Kenneth Delfs ("Plaintiff") opposes. (Doc. No. 16.) The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, denies Defendant's motion.

## BACKGROUND

Plaintiff initiated this action to recover from Defendant under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq., for injuries he sustained in 2014. On March 14, 2014, Plaintiff suffered injuries while a passenger in a vehicle driven by a coworker. (Doc. No. 1 ¶¶ 11–12.) Plaintiff had been working as a signalman near

Niland, California, as an employee of Defendant. While working in Niland, Plaintiff stayed at a Best Western Motel paid for by Defendant.

Plaintiff alleges that his foreman called him on the evening of March 14, 2014, to have him attend a dinner with the signal gang, during which they would discuss work assignments. A coworker picked up Plaintiff from his motel and drove him to the restaurant. At dinner, Plaintiff alleges that "virtually the entire conversation centered around the work that needed to be performed the following day." (Doc. No. 13-2 ("Gibbons Decl.") Exh. A.) Afterwards, Plaintiff entered his coworker's vehicle to return to the motel. While exiting the parking lot, they were struck by an oncoming vehicle, injuring Plaintiff. (Id.)

According to Defendant, the dinner was not work-related and Plaintiff was off duty at the time of the car accident. (See Gibbons Decl. Exhs. C, D, E.) Defendant filed the instant motion to bifurcate on February 8, 2018. (Doc. No. 13.)

## LEGAL STANDARDS

The court has broad discretion to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize" proceedings. Fed. R. Civ. P. 42(b). "Whether there should be severance and separate trial of an issue is primarily a question concerning the court's trial procedure and convenience, not a question concerning the merits of the case." Richmond v. Weiner, 353 F.2d 41, 45 (9th Cir. 1965).

## DISCUSSION

Plaintiff cannot recover under FELA unless he was injured while acting within the scope of his employment. Defendant argues that the court should bifurcate this action and hold a separate trial on the scope of employment issue to save judicial resources because it estimates that the issues of medical causation and damages will require numerous witnesses and judicial resources, whereas Defendant asserts that a trial on the scope of employment could be completed in one or two days. Defendant also cites out-of-circuit cases to argue that bifurcating this action "may also avoid the potential for prejudice" against it because evidence of Plaintiff's injuries may impair the jury's objectivity. (Doc. No. 13-1 at 6

2

17cv489 JM (KSC)

(emphasis added).)

Plaintiff opposes bifurcation, and argues that holding separate trials will "impose unnecessary time and expense on the parties and court." (Doc. No. 16 at 5.) Plaintiff also notes that the coworkers who would testify regarding whether Plaintiff was injured while acting within the scope of his employment would need to be present at the second trial to testify because they were witnesses to the accident.

The court finds that bifurcating this action will not economize proceedings. Defendant seeks to stay expert discovery until after the trial on the scope of employment issue, which it argues will conserve judicial resources. (Doc. Nos. 13-1 at 6, 14 at 2.) However, if Plaintiff prevails on the scope of employment issue, the parties would need to finish expert discovery before conducting trial on the remaining issues. This situation would require the jury to serve twice with a significant period of time between the two trials. This consideration, among others, convinces the court that judicial economy is best served by resolving this action in a single trial. See Fed. R. Civ. P. 42; see also Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Therefore, the court denies Defendant's motion.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to bifurcate.

IT IS SO ORDERED.

DATED: April 4, 2018

JEFFREY T. MILLER
United States District Judge